## Meylert's Executors *versus* Sullivan County.

One, who voluntarily pays the tax imposed by the Act of 16th April, 1845, for enrolling a law for the erection of a new county, cannot afterwards recover it from the county.

ERROR to the Common Pleas of *Sullivan county*.

This was an action by the executors of the will of Lecku Meylert, deceased, *v.* The County of Sullivan, to recover the sum of $250, the amount of tax which was imposed by the Act of 16th April, 1845, on every law for the erection of a new county, and which amount was paid by the testator after the passage of the Act for the erection of Sullivan county, in order that the Act should have effect. It was provided by the first section of that Act (*Purdon* 1105), that no private Act such as described in the Act and taxed, should be enrolled in the office of the Secretary of the Commonwealth, or published, or have the force and effect of law, until the party asking and requiring the same shall have paid into the treasury of the Commonwealth the amount of the tax imposed.

The Act for the erection of Sullivan county out of Lycoming county, was passed on 15th March, 1847. The county was not organized till the first day of January, 1848, the day designated by the Act for its erection; the tax of $250 was paid by Meylert on the 12th April, 1847.

*Beatty* and *Elwell*, for plaintiff in error.

*Mercer* and *Dietrick*, for the county.—It was contended that at the time the tax was paid by Meylert, the county of Sullivan had no corporate existence, and no liability on its part could be created by its *voluntary* payment by him: *Chitty on Con.* 27; 20 *Johnson* 28; 3 *Pa. Black.* 33; 1 *Fonblanque's Eq.* 348. The testator was a large landholder within the boundaries of the county, and was benefited by the erection of the county. This is not a parallel case to that of a private corporation, in which the individuals named or interested may or may not become members at their option. A corporation is not liable by reason of the act of one assuming to act for it before its organization. The act for the erection of the county was compulsory, and was disadvantageous to a portion of the people resident within it.

The opinion of the Court was delivered, July 22, by

BLACK, C. J.—The plaintiff's testator paid into the state trea-

Q

sury $250, the sum which, by the Act of 16th April, 1845, it was necessary that somebody should pay before the act for the erection of Sullivan county could be enrolled and have the force of a law: His executors bring this suit to recover from the county the sum which they allege was thus paid for its use. Whether the law would imply an *assumpsit* in favor of one who pays the tax on an Act of Assembly strictly private, and intended for the benefit of an individual, is not the question. Neither is it necessary to say what would be the rule in the case of a corporation created mainly to serve the convenience or promote the pecuniary interest of the stockholders. But there is no principle upon which an action for such a cause can be sustained against a public corporation. A new county may be established against the will of every citizen within its limits, and such may have been the fact here, for aught that appears in the case stated. The payment cannot be supposed to have been made at the request of the county, for it was not then in existence. We will not presume that it was paid for the benefit of the county or the people thereof, because, perchance, it was an injury. The subsequent organization of the county, by the election of officers, was no recognition of the debt, because they had no choice after the law was passed, but to act in accordance with it, or be disfranchised altogether. If no one had chosen to pay this tax, it never could have been collected from any citizen of the county, nor from all of them collectively. It was therefore not only a voluntary payment by the plaintiff's testator, but a payment of money which the defendant did not owe.

Judgment affirmed.